Ms. Silver? Good morning. May it please the Court, this case presents the issue of whether the Court should authorize a second 2255 petition for Mr. Crandell so that he can bring a Johnson challenge to his 924C conviction for use of a firearm in furtherance of a crime of violence. Why is his challenge a Johnson challenge? Why couldn't he have made the same arguments before Johnson? Your Honor, our claim is that the residual clause of 924C is unconstitutionally vague. I understand that, but my question is, why couldn't his precise, his argument is a statutory argument, right? No, Your Honor. He's arguing that, he's arguing crime of violence, is he not? We're relying on the Johnson rule here, which is that- I understand that you wish to. My question is, isn't his argument a statutory argument about 924C? And my question specifically is, what would have prevented him from making the same argument, the same statutory argument, pre-Johnson? So I think there's two parts to the question. If Your Honor is focused on the forced clause analysis piece, that is a question of prejudice. Whether or not the Johnson error that occurred in this case is harmless, if it is prejudice, Mr. Crandell- It's a really, really straightforward, discreet question. Why could Mr. Crandell not have made, not have challenged his conviction as a crime of violence under 924C before Johnson? There might have been a different basis entirely than the one we're presenting today that Mr. Crandell might have brought a different claim, but there are very limited circumstances like Johnson that present a new rule of constitutional law that the Supreme Court has made retroactive. We understand all that, but I think the point that Judge Duncan is getting at is that you make several claims that says this is not a crime of violence, that arson doesn't fit because of statutory variations and because of the differing mens rea, correct? That's a question, that's part of our prejudice analysis, yes, Your Honor. Well, that goes to the forced clause, but wouldn't it also have eliminated, if that was a defective finding, you could have presented that before, which would have invalidated both the forced clause and the residual clause, but there's nothing about Johnson that limited your ability to do that. I think that that's right in part, Your Honor. The point, we have two points as to taking a cursory glance at the merits that arson cannot categorically qualify as a crime of violence. You could have argued those before Johnson, but the issue of whether or not this conviction is categorically a crime of violence, to what extent didn't it exist before Johnson was decided is sort of the basic question, which you're not getting directly. So perhaps we could have brought that claim. Well, you could have brought that claim. What would have prevented you from challenging it? The problem, I guess you can tell, I'm having is, it seems to me that you're trying to use Johnson as a gateway to excuse a procedurally defaulted statutory claim. No, Your Honor. Our claim here is that the residual clause is unconstitutionally vague, and that's not a claim that Mr. Crandell could have brought at the time that he filed his first 2255. What difference would that make, though? I mean, if you could, the statutory claims would have defeated a finding of crime of violence, whether it would be under the force clause or the residual clause at that point. Perhaps. Why not? Why not? The argument that we rely on, that arson cannot categorically qualify as a crime of violence because it doesn't require physical force against another, that would have not worked prior to Johnson because, of course, in the ordinary case, even in a case where someone burned down his own property, of course there's a substantial risk in the ordinary case to the property of another. But our point is that simply because there might have been some other non-constitutional basis to challenge Mr. Crandell's conviction doesn't prevent us from coming in on Johnson now. It's an entirely different claim. And the example I would give the court, if after Graham someone were to come in and try to challenge a life without parole sentence, because he was sentenced to life without parole as a juvenile, and there might have been some other basis prior to that, that it was not a new rule of constitutional law that the Supreme Court that was made retroactive and previously unavailable, why should that person be prevented from coming back now that there is a new constitution? Do your arguments on the force clause not also invalidate the residual clause? No, Your Honor. Our point is simply that Johnson voids the residual clause. Any question as to the force clause is not a stand-alone claim subject to the 2255H2 gatekeeping requirements. If your arguments invalidate both, you're only addressing the force clause, but if your statutory arguments would have invalidated both the force clause and the residual clause, the issue is what barrier was there before Johnson to bring those claims? That's the question I think you're not answering. So DeCamps was not decided at the time that Mr. Crandell could have brought a 2255. There's no way he could have come back in under DeCamps. That's a non-constitutional rule. Doesn't satisfy a 2255H2 requirement. But simply because there might not have been a barrier to bringing a different kind of claim, we're talking about an entirely different claim than a statutory claim here. We're talking about the Johnson rule that a crime of violence definition dependent on an ordinary case analysis is void for vagueness. That is the rule we're relying on to say that arson could not have categorically qualified as a crime of violence under the residual clause because it's void for vagueness after Johnson. And keep in mind, this is a very low barrier. This court's binding decision in Hubbard said that the government has a nearly insurmountable burden in arguing against authorization based on the merits. The question as to procedural default, Judge Duncan, we only need to show that it is at least plausible that procedural default is excused here. And it is excused for three reasons. One of which is that Mr. Crandell is actually innocent after Johnson because there are no set of facts under which a jury could have convicted because arson cannot categorically qualify as a crime of violence. The second point would be cause and prejudice. There's certainly cause here that Mr. Crandell didn't make this challenge earlier because James was binding precedent from the Supreme Court at the time that his conviction became final. It foreclosed any argument that the residual clause is unconstitutionally vague. And certainly there's prejudice here because were it not for this Johnson error, there would be no 924C conviction. But this court doesn't need to go so far as to say that. The only question here is do we have a claim that is not implausible? We don't have to show that we are likely right or that we are going to be right. Just that we may be right. It's a very low bar. How do you respond to the government's argument under Boosley that a successive 2255 would be futile because you can't show innocence of the murder? Your Honor, that position is entirely in contrast, in tension with this court's binding decision in United States v. Adams where the court explicitly rejected the government's position. In Adams, the defendant pled guilty to a felon in possession charge, an armed robbery count, and a 924C count. In exchange, the government dismissed a series of related armed robbery charges that appeared in different counts of the indictment. The defendant came back in and said that he was actually innocent of his felon in possession conviction and the government said, no, wait, you need to show you're actually innocent of all of those dismissed armed robbery counts in different counts of the indictment. This court explicitly rejected that and said there is no burden to show that you are actually innocent of entirely different conduct in different counts of the indictment. So to here, there's no burden to show that Mr. Crandell is actually innocent of an entirely different conduct that is not even charged. Now Hubbard did say that although the focus at this early authorization stage must always remain on the gatekeeping requirements, the court may conduct a cursory glance at the merits. This means only that we need to show our claim is not implausible, nothing more. This is a low bar and the government cannot overcome its burden, a nearly insurmountable burden here, to show that Mr. Crandell has an implausible or frivolous claim. In fact, the very fact we're here today at oral argument signals that there's a plausible claim as I certainly assume the court does not set argument in frivolous matters. Here Mr. Crandell claims that his 924C conviction is void because the residual clause of that statute is void for vagueness and Hubbard dictates that this claim is not implausible. Is there any limiting principle then if we would have to read Johnson as allowing us to hear any statutory claim that could easily have been brought, regardless of whether or not it prevailed, pre-Johnson? So Johnson is just a gateway to every statutory argument that could have been made, should have been made, previously. So two responses to that, Your Honor. The first is that this court may conduct a cursory glance at the merits, so if someone's relying on Johnson to try to shoehorn in a Fourth Amendment claim or some kind of claim that is entirely not a Johnson claim, then of course this court does not have to grant authorization. But the question is whether this is not entirely a Johnson claim. Your Honor, our claim is a Johnson claim. It's that the residual clause is unconstitutionally vague. No other case other than Johnson spoke to this. And in fact, in preparing for today's argument, I noted that there are four separate panels of this court that granted authorization to the exact same challenge that we make today, which is that a 924C conviction is invalid after Johnson where arson was the predicate offense. Four separate panels. It was one Western District, Virginia case, which involved four co-defendants, but four different panels of this court took a look at the application and granted. They are per curiam opinions. They're not binding. But this court's... You mean unpublished? Yes, Your Honor. Unpublished per curiam. But certainly this court's opinion in Hubbard does bind this court. The only thing we have to show is that we're relying on Johnson. And that's precisely the issue. Why are you relying on Johnson? Our claim is that the residual clause is unconstitutionally vague. Which is a given. Everybody agrees. Or at least I think everybody agrees. And hardly disagree. And that's certainly our position, Your Honor. And then as to whether or not arson qualifies under the fourth clause as a prejudice inquiry, was there any error caused by the Johnson... Was there any harm caused by the Johnson error? No, it isn't. It's statutory. It's an argument that about the categorical, whether or not that statute creates a conviction is a categorical crime of violence. Your Honor, I respectfully disagree. Every case that looked at this Johnson question, every case that involved a residual clause also involved an enumerated forces clause or a force clause and granted authorization. In Hubbard, there was still an enumerated offenses clause and yet this court granted authorization. This court would have to conclude that the hundreds and thousands collectively this court and its sister courts have granted were wrongly decided because all of those cases involved a force clause or an enumerated offenses clause. I urge this court to look to the 11th Circuit's decision in In re Chance and In re Adams, which explained that this is not a standalone claim. The force clause analysis is not a standalone claim. It's a question as to prejudice. Well, I thought in Hubbard, Johnson was necessary to get to the argument. What I'm trying to decide in the first instance, as a gateway, is Johnson necessary for you to make your argument? But that's, it's that threshold problem that I'm having that you don't seem to speak to directly. It is necessary, Your Honor, but in any event, even if the court were... Your argument, as I understand it, is putting aside Johnson, everybody understands Johnson. If it's categorically not a crime of violence, either because you have this lowered mens media or because under the terms of the federal arson statute, it excludes arson of one's own property. That categorically prevents this from being a crime of violence. Doesn't that apply equally to the force clause and the residual clause, an argument that you could have made long ago? No, Your Honor, because... Because even in a case where one burned down his own property, that would still qualify under the residual clause. Even in a case where someone burned down his own property, there's a substantial risk to the property of another satisfying the residual clause. But there's simply no requirement here, but just because there might have been a statutory claim that someone could have brought sooner, that he is now prevented from relying on a new rule of constitutional law. And I would say if it doesn't, it is if it doesn't, if it's not applicable, or if it's not, it's not a gateway to get back to a claim that wasn't brought. Johnson does create some kind of threshold. Certainly, Your Honor, but I think if this court were to conclude that Mr. Crandell has an implausible claim here, Johnson is a gate opener. It can't, in the same decision as it opens the gate entirely, close it. A forced clause, elements clause analysis is included in every single one of these cases where the move-in is seeking authorization from this court to file. Simply because there's an included, as part of the Johnson analysis, a separate... Not a separate, part of the analysis, a prejudice inquiry does not make this claim not Johnson. It's not a separate standalone claim. It's merely a question as to prejudice, whether or not the Johnson error has caused harm. And the 11th Circuit's decisions in Chance, in Ray Chance, and in Ray Adams explicitly say that. That this is not a standalone claim subject to the 2255 H2 gatekeeping requirements. So why wouldn't your mens rea requirement, your mens rea argument, have rendered the residual clause invalid? It might have, Your Honor. And certainly we could have, that might have been something that might have been brought at the time of the 2255. But that doesn't stop us from bringing an entirely different claim here. That is not our claim here. That is a claim as to prejudice, part of the Johnson inquiry. It has to depend on finding a statutory interpretation of 924C. It has to. Certainly. I mean, that is your claim. You're just using Johnson to try to get... That's your argument. No, Your Honor. How doesn't it? You keep getting back to it. So our claim is that the residual clause is unconstitutionally vague. That is not a forced clause analysis. The forced clause... So you're not... So all we have to do is reaffirm Johnson and reaffirm a prior conviction? That's all you're asking us to do? All this court needs to do is look to Hubbard to say that we made a prima facie case that we're relying on Johnson. That is all this court needs to do. To deny our claim, this court would have to find it's completely implausible. That it's totally frivolous. That we can't get back in. No, we would have to find it. Johnson isn't implicated. But Johnson is implicated, Your Honor. The only thing that voided the residual clause is Johnson. None of the other cases have done this. In fact, James was in place and entirely foreclosed that claim. It just takes away any gatekeeping provisions of the habeas statute. No, Your Honor. Because this is a very unusual situation here. It can't be both an unusual situation and one which we have decided hundreds of times. Well, what I mean by saying, yes, the court recently has decided in hundreds of cases that the move-in has authorization to file. But is there any other time in this court's history that it has ever had so many petitions at the same time? This is a lightning strike. Getting a new rule of constitutional law that the Supreme Court has made retroactive that was previously unavailable is difficult. How does the Welch case help or hurt your case, your argument? Your Honor, Welch is neutral at this point merely because there's a cert grant doesn't undo this court's decision in Hubbard. And even if it were to do that, I highly doubt, I think it's a very questionable proposition whether it would change the argument here since 924C is, of course, a statutory provision. It's a classic example of retroactivity. So at this point, Beckles is neutral. It doesn't undo this court's binding decision in Hubbard. All right. So I'll make sure that we're ending on a point with your argument so that the government can address it. As I understand what you have argued, you have agreed that a 924C argument could have been made previously that would apply to the residual clause at least as far as the mens rea argument you make on brief applies. That is an avenue you could have addressed. But to be clear, Your Honor, our claim is not that this recklessness applies. I understand that. I understand that. But it is, you agree that is a statutory claim you could have addressed that would have affected the residual. That is a totally separate claim that might have been addressed. Did you answer his question? He's asking. Either it is or it isn't. It is or it isn't. Yes, Your Honor. Okay. That's all I wanted to know. Thank you.  Thank you, Your Honor. May it please the Court. I'm David Metcalfe. I'm an Assistant United States Attorney for the District of Maryland and I'm representing the United States. I think I'd first like to address both of Your Honor's concerns with respect to whether this is a Johnson claim. This is not a Johnson claim. This is a statutory argument that is masquerading as a Johnson claim that the defendant that the movement could have brought years ago. And I think, Judge Agee, you hit the nail on the head that both of the claims with respect to the mens rea and the burning of the property of another apply equally to the residual clause as they do to the force clause. So even if you take the merits on this case and you concede the merits, which the government, of course, does not, then Mr. Crandall would have been right back in 2007, 2009, 2013. And if you look at all the authorities that the movement cites, they predate a Johnson. And to your question about whether burning property of another would disqualify or qualify arson as a predicate crime of violence under the residual clause, look to the movement's citation to Jordans and V. Gonzales. The Ninth Circuit invalidated that particular California arson statute under both the force clause and the residual clause. I think a great example of a Johnson claim are certain assault and battery claims. The predicate conviction that was at stake in Sykes v. United States. These are claims that qualify as predicate crimes of violence under the residual clause, but not the force clause. That is not arson according to the movement. Arson is neither a crime of violence according to the movement under both the force clause and the residual clause if you take their arguments on the merits. I think that is the direct answer to your question, Judge Agee, and it's our position that it is not a Johnson claim. Well, the opposing counsel appears to argue, as I understand it, that after our decision in Hubbard, effectively, as long as you can make a viable claim under Johnson that your prior conviction would be invalidated under residual clause, at this stage, that's all you have to show. I would disagree with that characterization of Henry Hubbard. Henry Hubbard does not say that. Henry Hubbard involved an actual Johnson claim, a claim, again, involving a predicate conviction that was conceivably a crime of violence under the residual clause and not the force clause. I would refer your honors to the statute itself and this Court's decision in Henry Vassell. The preliminary showing is that the application must contain a new rule of constitutional law. It must rely on that constitutional rule of law. The hundreds and thousands of authorities that Move It cited were Johnson claims, and this Court is inundated with them as are district courts across the United States. And just because a applicant or a Move It cites Johnson does not mean that it is entitled to a grant of a successive 2255 motion. I mean, it's this Court's job at the gatekeeping stage to ascertain whether or not the particular claim contains a new rule of constitutional law. I'm sorry. I'm sorry. No, I was just going to say I think both of your honors have identified that this is not a Johnson claim. It is a claim that just simply cites Johnson and then relies on statutory arguments that predate and have nothing to do with Johnson. And again, I refer to the authorities that the Move It cites. Brown v. Caraway is the mens rea claim identified. That was a Seventh Circuit decision that disqualified a Delaware arson offense under both the force clause and the residual clause. Jordan v. Gonzalez involved burning the property, one's own property. Again, that case in the Ninth Circuit invalidated a California arson statute under both the force clause and the residual clause because the panel found that it was possible to burn one's own property. A felon argues that any statutory arguments goes totally to the question of prejudice. That's true for Johnson claims. That's exactly right. And I think to the extent that the Move It is suggesting that we are saying that any Johnson claim is forbidden just because it reverts back to a force clause analysis is not our position. Again, I would use the examples I brought up of a qualifying conviction that under the residual clause. Just because Johnson would then render the predicate crime of violence no longer such under the residual clause does not mean it's barred because it then goes to a statutory analysis under the force clause. Counsel is correct at that point that it is just a question of prejudice. Again, but that's not what we have here. We do not have a Johnson claim. In other words, you have to survive Johnson as the gateway to get to the prejudice argument. You must rely on Johnson to get to the prejudice argument. The actual claim must rely on Johnson. The predicate conviction must be so under the residual clause and not the force clause. Again, I'll bring up the example of fleeing the police officer in sites of the United States. In that case, the United States Supreme Court found that the predicate conviction was a crime of violence or a violent felony under the residual clause. Let's say the petitioner in that case then challenged his conviction under the name of Johnson and then it would revert to a force clause analysis as to whether that particular predicate conviction qualifies as such under the force clause. But again, in this case, the arguments apply to both the force clause and the residual clause. Arson, according to the movement, if you side with them on the merits, which again, we do not concede, then arson is no longer, was never a crime of violence. Before Johnson, after Johnson, independent of Johnson. And again, you can see that just based on the authorities that are cited by the movement. I want to address Judge Hendrick's claim with respect to Boosley. I think it's worth remembering that Mr. Crandall killed a federal witness and is now seeking to invalidate the sole count of conviction that the parties, including Mr. Crandall, selected and agreed to punish him for that murder. And he's now seeking to undo that arrangement on a technicality that has nothing to do with his factual innocence. And he has not alleged and has failed to establish actual innocence. So I would also assert that this claim is procedurally barred. And this Court, in revassal, applied a procedural bar in the form of statute of limitations. And again, consistent with its gatekeeping function, if such a procedural bar or defense is available and apparent, this Court should apply it. The murder and the arson, if I'm remembering correctly, even though they involved the same participants, more or less, they occurred at different times. That's correct. The attempted murder and arson occurred on June 2nd, 2007. And the actual murder occurred on June 19th, 2007. I don't think, to the extent Adams sets forth a test for whether someone must prove actual innocence, it's certainly not a temporal one. I think it's very important to address the facts in Adams and contrast them with the facts here. In Adams, again, the count of conviction that was challenged was a 922-G. What actually happened in that case, Your Honor, was police were investigating the defendant as part of a random investigatory terry stop. They found a gun on him and they charged him with felon in possession. Subsequent to that, they ascertained that he was involved in armed robberies that had nothing to do with the 922-G, nothing to do with his act of possessing a firearm on that particular day. And so there was no factual relationship whatsoever. He was not charged with, under 922-G, charged with possessing a firearm during those robberies. He was charged with possessing a firearm on that day pursuant to a terry stop. Now let's contrast it into this case. We have the same criminal conduct, an ongoing plot for Mr. Crandall to kill Mr. Bundy. The fact that it occurred several days later I don't think is dispositive. All sorts of criminal acts occur over a long period of time, you know, conspiratorial acts, for example. And the fact that it may occur several days certainly shouldn't excuse a petitioner from having to prove actual innocence. I think this case is a great example. If you read the indictment in this case, there were several counts. Counts 1 and 2, Judge Agee, were narcotics trafficking counts that occurred in February and August of 2007, charges that had nothing to do with Mr. Crandall's attack or scheme or plot to murder Mr. Bundy. It is not the government's position that even if those charges were more serious, that Mr. Crandall would have to prove them. There was no factual relationship whatsoever. But wasn't, wasn't, I thought under Bosley and Allen it has to relate to the same underlying criminal conduct. Does it not? Yes, there has to be a factual nexus, yes, that factual relationship. And we are submitting that there is a factual relationship in this case because, again, it was an ongoing plot for Mr. Crandall to murder Mr. Bundy. Arson was a different crime committed on a different day. It was a distinct act. On June 2nd, Mr. Crandall lodged a Molotov cocktail into the apartment and tried to murder Mr. Bundy and then 17 days later executed him with a shotgun. Is there a cross-reference in the guidelines in the pre-sentence report to the murder? There is not. There is not. The evidence of the murder is not in the PSR. It is memorialized in the materials in the supplemental joint appendix, the rearrangement in which the prosecutor actually read in the arrangement between the United States Attorney's Office and Mr. Crandall. That was a charge that was bartered away as part of the agreement to plead him to what he ultimately pled to. That's exactly right. Mr. Crandall was very aware that the conviction that he's now challenging was the conviction that the parties agreed would spare him from the potential of a death penalty for executing a federal witness. Judge Duncan, to your point as to whether there's a requirement of a factual relationship, we would also submit that the fact that Mr. Bundy was executed for, in part, cooperating and potentially testifying in relation to the investigation of his conviction would also separately establish a factual relationship in this case. The federal murder charges that Judge Hendricks, you were considering were going to be federal witness murder charges in addition to other means. So that was the arrangement. I think, Your Honors, have been submitted the letter that was sent by the prosecutor that expressly stated that these federal murder charges were essentially the bargain for a compromise, that the 924C was the sole count of conviction. And Mr. Crandall should not be excused from having to prove his actual innocence of the federal murder charges. Is that too close of a look at the merits under Hubbard? I don't think so. I don't think this is a merits decision, Your Honor. This is a consideration of a procedural bar. And I also don't think there's any factual dispute here as to what happened. I don't think there's any deficiency in the record about what the arrangement was between the United States Attorney's Office and Mr. Crandall. It is crystal clear that Mr. Crandall pledged to this particular count of conviction as the result of the United States Attorney's Office foregoing and expressly surrendering its ability to bring federal murder charges. I think the principle that you're addressing is to the substantive merits of whether this is a Johnson, whether this, again, assuming that even if this is a Johnson claim, the merits as to whether arson is a crime of violence. I think at that point, the exercise is not to go too far into the merits. Again, we would submit this is, A, not a Johnson claim, B, that the application is procedurally barred under the principles of Boozley v. United States and the fact that Mr. Crandall has not proven actual innocence. In case Your Honors have any questions about the procedural bar or I'd love to go into the merits, I think the applicant has failed to make a prima facie claim. The fact is that notwithstanding the authority cited, I have not found a case in which federal arson was committable by burning one's own property. The cases cited by the applicant all involve rental properties where the burning of the properties was of another person by virtue of the fact that there were tenants. I don't want to get too embroiled in the niceties of landlord-tenant law, but it was quite apparent that the burning of other property was involved in each of those cases. As to the mens rea argument, again, I would submit that the applicant has failed to make a prima facie claim for various reasons. First of all, the Supreme Court's case in Voisin fundamentally precludes the claim that reckless offenses cannot be crimes of violence. In fact, the Supreme Court expressly stated that actions that are intentional but have a conscious disregard for its consequence, such as the action of an arsonist in a federal arson statute, would qualify under the force clause. I would also note that the idea that one can accidentally set fire with conscious disregard for its consequence doesn't make any sense. What we submit is that federal arson must be accomplished by an intentional act. The arsonist must intend to set the fire that defies precedent and common sense for you to be able to unintentionally set a fire with willful disregard as to whether something burns. Again, the test under the Supreme Court is whether there's a, quote, realistic possibility that someone could be convicted of a federal arson statute for unintentionally setting fire. I've certainly not found any cases to that effect, and I've certainly not found any cases where one can burn their own property. I think the last argument that we raise to deny the application is with respect to the notion that Johnson, again, assuming this is a Johnson claim, assuming that the procedural bar doesn't apply, and assuming there's a prima facie claim as to why arson is a crime of violence, is the idea that Johnson would apply to the residual clause of 924C. I think we've all been assuming that at this point in time. It's the government's position that that is not the case, that it's not appropriate at the gatekeeping stage for your honors to extend the principles of Johnson to a substantive statute. Footnote 13 in our brief contains a pretty, a serial list of why the statute in this case is different from the residual clause of the Armed Career Criminal Act, and Inree Hubbard expressly reserved the question of whether the residual clause of the 924C is or is not invalid under Johnson, and we submit that Inree Hubbard does not apply to this case, and neither does Johnson. We also submit that this is not a Johnson claim either, so unless your honors have any more questions, over. Thank you very much.  Your honors, this case presents the issue of whether or not the gatekeeping requirements are met. It is not part of the gatekeeping requirements that other meritorious challenges must have been presented. Our claim is a Johnson claim. The government does not get to say what case we're relying on. Here we're relying on Johnson to say the residual clause is void for vagueness. The government concedes that a prejudice analysis is appropriate, and that's precisely what we've done here, a prejudice analysis as the force clause to determine if the Johnson error is harmless. Procedural default at this stage strays very far from the gatekeeping requirements because it has nothing to do with the question of whether or not we're relying on Johnson, a new rule of constitutional law. And in any event, as I said, there's no issue here with procedural default. And even if there were an issue as the statute of limitations, I would note that the Supreme Court's decision in McGuigan v. Perkins makes clear that the statute of limitations is excused when one is actually innocent, and that's what we're alleging here, that Mr. Crandell is actually innocent of the 924C count. As I mentioned previously, although they are unpublished for carrying opinions, there have been four cases where this Court has authorized the exact claim at issue here, that a 924C challenge is void after Johnson. Those claims also included a claim that there is no qualifier, there's no crime of violence under the force clause. The Court did not conclude that just because there's a force clause prejudice inquiry, that that means the movement is not relying on Johnson. This is a Johnson claim. We don't have to exclusively rely on Johnson. The rely on language in 2255H2 doesn't require that we exclusively rely on Johnson. Just to briefly address the government's point regarding United States v. Adams, the government entirely misreads that case. The burden to prove actual innocence is only on greater and a greater dismissed offense based on one instance of criminal conduct alleged in the count of conviction. The murder that occurred two weeks later, an entirely different conduct that was never charged is not something that Mr. Crandell has to prove he's actually innocent of. For those reasons, Your Honor, we do ask that this Court grant Mr. Crandell's motion for authorization. Thank you very much. Thank you very much. We'll come down in Greek Council and take a brief recess. We won't. Your Honor, before we'll take a brief recess.
judges: Allyson K. Duncan, G. Steven Agee, Bruce H. Hendricks